1  Jennifer A. Golinveaux (SBN 203056)
   jgolinveaux@winston.com
2  Thomas J. Kearney (SBN 267087)
   tkearney@winston.com
3  Winston & Strawn LLP
   101 California Street
4  San Francisco, CA 94111-5802
   Telephone: (415) 591-1000
5  Fax: (415) 591-1400

6  *Counsel for Plaintiff Houzz Inc.*

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  HOUZZ INC., a Delaware corporation, | **Case No. _____** |
| 12                          Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, FALSE ADVERTISING, AND COPYRIGHT INFRINGEMENT** |
| 13  v. | |
| 14  KNEW DEAL, INC., a Delaware corporation, and DOES 1-10, | **DEMAND FOR JURY TRIAL** |
| 15                          Defendants. | |
| 16 | |

17

18        Plaintiff Houzz Inc. ("Houzz") alleges as follows:

19                      **INTRODUCTION**

20        1.      This action arises from Defendants' use of Houzz's name, registered trademarks, and

21  copyrighted material in connection with unsolicited and misleading marketing communications and

22  promotional material that Defendants use to solicit Houzz's network of professionals for

23  Defendants' own advertising services. Defendants prominently use Houzz's well-known trademarks

24  to create the wrongful impression that Defendants' services either originate from or are associated

25  with Houzz, in an effort to confuse Houzz professionals as to Defendants' association with Houzz,

26  and to divert Houzz professionals to Defendants' inferior advertising services. Moreover, while

27  Defendants promote their "custom" advertising services, in fact Defendants' advertisements are

28  merely copied wholesale from Houzz's website. Numerous complaints that Houzz has received from

1   Houzz professionals demonstrate that substantial actual confusion has already resulted from
2   Defendants' misleading use of Houzz's name and registered marks. Defendants' activities have thus
3   caused—and if left unchecked will continue to cause—irreparable harm to Houzz's reputation and
4   goodwill with its subscribers.

5                          **JURISDICTION AND VENUE**

6           2.      This Court has subject matter jurisdiction over the entire action pursuant to 28 U.S.C.
7   §§ 1331 and 1338 because it arises under the federal Lanham Act and because the state-law claims
8   are joined with related and substantial claims under the federal trademark laws. The Court has
9   jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. §§ 1331 and
10  l338(a).

11          3.      The Court has personal jurisdiction over Defendants because, on information and
12  belief, they conduct substantial business in the State of California and in this District. In addition,
13  Defendant Knew Deal offers its SocialProof service and website (collectively, the "SocialProof
14  Service") to customers subject to the conditions that the SocialProof Service shall be deemed solely
15  based in California; that Knew Deal's agreements with its customers in connection with the
16  SocialProof Service are governed by California law; and that any claim or dispute arising from use
17  of the SocialProof Service shall be decided by a court in San Francisco, California.

18          4.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a) because a
19  substantial portion of the events giving rise to the claims for relief stated in this Complaint occurred
20  in this District, because a substantial part of property that is the subject of this action is located in
21  this District, and because Defendants are subject to personal jurisdiction in this District or may be
22  found within this District. In addition, Defendant Knew Deal offers the SocialProof Service subject
23  to the condition that any claim or dispute arising from use of the SocialProof Service shall be
24  decided by a court in San Francisco, California.

25                        **INTRADISTRICT ASSIGNMENT**

26          5.      This action is not subject to divisional assignment because the case arises under
27  intellectual property laws.

28

**THE PARTIES**

6.      Plaintiff Houzz Inc. is a Delaware corporation, with its principal place of business in Palo Alto, California. Houzz owns and operates the website located at www.houzz.com (the "Houzz Website").

7.      Defendant Knew Deal, Inc. ("Knew Deal") is a Delaware corporation, with its principal place of business in Detroit, Michigan. On information and belief, Knew Deal maintains an office in San Francisco, California. Knew Deal does business under the name SocialProof, and owns and operates the SocialProof website located at www.social.pr. On information and belief, Knew Deal also does business under the name Stik, and owns and operates the website located at www.stik.com.

8.      Plaintiff does not know the true names or capacities of the defendants sued herein as Does 1 through 10. Plaintiff alleges that Defendants Does 1 through 10 are responsible for the acts alleged in this complaint and sues them on that basis. Plaintiff will amend this complaint to state the Doe Defendants' true names and capacities within a reasonable time after discovering them.

9.      Plaintiff believes and therefore alleges that Defendants Does 1 through 10 are the agents, servants, employers, employees, partners, joint venturers, and/or co-conspirators of each of the other Defendants, and in doing the acts alleged herein were acting on behalf of each other in one or more of those capacities.

**FACTUAL BACKGROUND**

**The Houzz Website and Community**

10.      Houzz was founded in Palo Alto, California in 2008 by Adi Tatarko and Alon Cohen and the Houzz Website was publicly launched in January 2009. Houzz grew out of the founders' experiences remodeling their own home, when they needed to find a better way to find design ideas and communicate their ideas to architects and contractors.

11.      At first a side project, it soon because clear that Houzz fulfilled an unmet need: in just a few years, the Houzz Website has become one of the most popular and widely recognized home improvement sites on the Internet, a burgeoning community of homeowners, home design enthusiasts and home improvement professionals from across the country and around the world.

12.     Houzz currently has more than 25 million monthly unique visitors, and a directory of more than 600,000 qualified home improvement and design professionals. Home improvement and design professionals who create Professional Profiles—"Pros"—can use additional tools on Houzz to advertise and promote their work, collaborate efficiently with their clients, and customize their online presence.

13.     Houzz's vast compilation of premium content, uniquely organized, make it an invaluable resource to its users and subscribers. Collectively, Houzz's subscribers have uploaded more than 5 million photos to the site. Houzz gives its users and subscribers a place to browse for ideas and inspiration, search for Pros, create and save "idea books," upload and share inspirational home photos, and connect with others to share experiences and know-how. Houzz's users, subscribers, and Pros rely on Houzz to connect and communicate easily and efficiently.

14.     Houzz owns federal trademark registrations and applications for the word mark HOUZZ (U.S. Reg. No. 85366717 and Appl. Nos. 86422646, 86421042)(the "HOUZZ Word Mark"), and a federal trademark registration for the related design mark  houzz (U.S. Reg. No. 86017654) (the "Registered Houzz Logo") (collectively, the "Houzz Marks").

15.     The Houzz Marks are distinctive and widely recognized by the general consuming public of the United States.

16.     The Houzz Marks had achieved widespread fame prior to the actions of Defendants alleged herein.

17.     Houzz has applied to register the protectable aspects of a compilation of materials in the Houzz Website, including its protectable structure, sequence, and organization, with the United States Copyright Office, Copyright Application No. 1-2076955091 (the "Protected Compilation").

18.     At all relevant times, Houzz has been the sole holder of all right, title, and interest in the Houzz Marks and Protected Compilation.

19.     The Houzz Website is governed by Terms of Use (the "Houzz TOU") that provide, among other things:

> The services made available on, by or through the Website, which
> include or may include, without limitation, Houzz registration,
> marketplace for third-party products and services, ideabooks, message
> boards and involvement in Houzz events (collectively, the "Services"),

as well as any information provided on, by or through the Website or as part of or in connection with the Services or otherwise, including but not limited to data, text, graphics, designs, logos, images, audio/visual materials, links and references (collectively, the "Information"), are provided for personal use only and not for any for-profit or commercial activities or purpose or for resale, except as expressly permitted herein. Without the written consent of Houzz, no Information or any other Houzz materials or property may be copied, reproduced, displayed, republished, downloaded, posted, digitized, translated, modified, transmitted, distributed or commercially exploited in any way, except as expressly permitted herein.

### Defendants and Their Infringing Conduct

20.     Defendant Knew Deal is in the online advertising business operating under the name SocialProof. Defendants, through the SocialProof Service, purport to "make[] world-class online advertising available to local businesses" and claim to provide "custom ads."

21.     In reality, Defendants merely copy information, customer contact information, and content from other websites—such as the Houzz Website—then paste the content into boilerplate templates.

22.     Defendants use contact information copied from the Houzz Website to solicit Houzz's customers, offering—for a monthly fee—to place these so-called "custom" ads on third-party services such as Facebook.

23.     Defendants' website promotions and communications to Houzz Pros prominently use the Houzz Marks in a manner calculated to confuse customers as to the source of Defendants' services and Defendants' affiliation with Houzz.

24.     Defendants' social.pr website prominently uses the Houzz Marks to promote Defendants' advertising services in a manner that is likely to confuse consumers into believing that Defendants' services originate from or are affiliated with Houzz, for example as depicted here:[1]

---

[1] The image shown is a detail from a page publicly displayed on Defendants' social.pr website. The name of the Houzz Pro has been redacted to protect his privacy.

1

2

3

4

5

6

7

8

9

10

11

12

13



14      25.      Defendants also send email solicitations to Houzz Pros promoting Defendants'

15  services. These email solicitations prominently feature the Houzz Marks in a manner that is likely to

16  confuse consumers into believing that the communications originate from Houzz or an entity

17  affiliated with Houzz.

18      26.      On information and belief, Defendants go so far as to represent themselves as

19  affiliated with Houzz in telephone calls soliciting Houzz Pros.

20      27.      Defendants' prominent use of the Houzz Marks is likely to confuse Houzz's

21  customers about whether Houzz is offering Defendants' advertising services, or sponsors or

22  approves them.

23      28.      Indeed, Defendants' use of the Houzz Marks has already engendered a great deal of

24  actual confusion. Houzz is aware of numerous instances of consumer confusion, including instances

25  where:

26      •   A Houzz Pro, emailing in response to one of Defendants' solicitation emails, cc'd a

27          Houzz employee because he believed that Defendants were working for Houzz.

28      •   A Houzz Pro has informed Houzz that she signed up for Defendants' SocialProof service

and ordered a "custom" ad because she mistakenly believed the SocialProof service was affiliated with or offered by Houzz.

- Houzz Pros have contacted Houzz because they were confused about whether Defendants were affiliated with Houzz.

- Houzz Pros have contacted Houzz to complain about Defendants' SocialProof service.

29.     Houzz has no way of knowing how many other Houzz subscribers may have entered into agreements with Defendants, purchasing Defendants' copycat ads under the mistaken impression that they were dealing with Houzz or its agents.

30.     On information and belief, Houzz has lost money as a result of Defendants' solicitation of Houzz's subscribers.

31.     Defendants' solicitation emails to Houzz's customers also make false statements about the nature and qualities of Defendants' services.

32.     For example, Defendants' statement that their boilerplate, automatically-generated ads are "custom" ads is false.

33.     Compounding the confusion, recipients of Defendants' marketing emails who click on one of the links in the email are taken to a web page that displays a mock-up of an online ad ("Mock-up") that has been constructed almost entirely from content copied or displayed from the Houzz Website in a manner that mimics the layout from the Houzz website.

34.     On information and belief, Defendants have actually created and distributed advertisements for certain Houzz Pros that have been publicly displayed online, including on Facebook (the "Online Ads").

35.     The Online Ads have similarly been constructed almost entirely from content copied or displayed from the Houzz Website in a manner that mimics the layout from the Houzz website.

36.     Defendants' Mock-ups and Online Ads copy and publicly display images from the Houzz Pro's profile pages on the Houzz Website as background images and display ad images.

37.     The Mock-ups and Online Ads that feature reviews directly copy the reviews from profiles on the Houzz Website.

38.     Defendants' Mock-ups and Online Ads also copy and publicly display Pros' logos or pictures of Pros from the Houzz Website.

39.     On information and belief, Defendants also copied from Houzz's Website the text of all or substantially all of the user reviews for each of the Houzz Pros that Defendants targeted. Defendants copied the complete text of the reviews, as well as related metadata.

40.     On information and belief, Defendants created multiple copies of this infringing content, including

(a) in creating the solicitation emails they sent to Houzz's subscribers,

(b) in the Mock-ups and Online Ads, and

(c) by incorporating the entire text of all of a given Pro's Houzz reviews into the code of their Mock-ups and Online Ads.

41.     Defendants thereby copied all or a substantial part of the Protected Compilation, including the structure, sequence, and organization of content on the Houzz Website.

42.     Houzz has never authorized Defendants to copy or publicly display any content, including without limitation reviews and photos, that is compiled on the Houzz Website.

43.     On information and belief, Defendants continue to copy content from the Houzz Website.

44.     On information and belief, Defendants intend to continue, and unless prevented by the Court will continue, to reproduce that copied content to create so-called "custom" Mock-ups and Online Ads and use the copied content to target Houzz's customers with false, misleading, and confusing solicitations.

**FIRST CAUSE OF ACTION**

**Infringement of Federally Registered Trademarks**

**Lanham Act § 32, 15 U.S.C. § 1114**

45.     Houzz incorporates by reference and realleges all previous paragraphs as though fully set forth here.

46.     Defendants have, through the conduct described above, infringed upon Houzz's federally registered trademarks identified above. As a consequence of Defendants' infringements, Houzz is entitled to relief as set forth below.

## SECOND CAUSE OF ACTION

### Unfair Competition

### Violation of Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A)

47.     Houzz incorporates by reference and realleges all previous paragraphs as though fully set forth here.

48.     Defendants, through the conduct described above, in connection with goods and services, have used and continue to use words, names, terms, marks, symbols, devices, false designations of origin, false and misleading descriptions, and representations of facts which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Houzz, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Houzz. As a consequence of Defendants' misconduct, Houzz is entitled to relief as set forth below.

## THIRD CAUSE OF ACTION

### False Advertising

### Lanham Act § 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B)

49.     Houzz incorporates by reference and realleges all previous paragraphs as though fully set forth here.

50.     Defendants, in connection with their commercial advertising and promotion, have misrepresented and continue to misrepresent the nature, characteristics, and qualities of their goods, services, and commercial activities. As a consequence of Defendants' misconduct, Houzz is entitled to relief as set forth below.

**FOURTH CAUSE OF ACTION**

**Unlawful Business Practices and False Advertising**

**(California Business & Professions Code Sections 17200 and 17500)**

51.     Houzz incorporates by reference and realleges all previous paragraphs as though fully set forth here.

52.     Defendants, through the conduct and violations described above, have engaged in, engage in, and propose to engage in unlawful business practices and false advertising in violation of California Business and Professions Code§§ 17200 and 17500. As a consequence of Defendants' violations, Houzz is entitled to relief as set forth below.

**FIFTH CAUSE OF ACTION**

**Trademark Infringement Under California Law**

**(California Business & Professions Code Section 14247)**

53.     Houzz incorporates by reference and realleges all previous paragraphs as though fully set forth here.

54.     Defendants, through the conduct and violations described above, have engaged in, engage in, and propose to engage in infringement of Houzz's federally registered trademarks in violation of California Business and Professions Code§ 14335. As a consequence of Defendants' violations, Houzz is entitled to relief as set forth below.

**SIXTH CAUSE OF ACTION**

**Trademark Dilution Under Federal Law**

**(Lanham Act Section 43(c), 15 U.S.C. § 1125 (c))**

55.     Houzz incorporates by reference and realleges all previous paragraphs as though fully set forth here.

56.     Defendants intentionally used the Houzz Marks to promote their services, in interstate commerce, after the Houzz Marks became distinctive and famous.

57.     Defendants, through the conduct and violations described above, are likely to dilute the distinctive quality of the famous and distinctive Houzz Marks, and make such marks less able to identify and distinguish goods and services. Defendants are also likely to injure Houzz's business

reputation with respect to those names and marks. As a consequence of Defendants' violations, Houzz is entitled to relief as set forth below.

**SEVENTH CAUSE OF ACTION**

**Trademark Dilution Under California Law**

**(California Business & Professions Code Section 14247)**

58.    Houzz incorporates by reference and realleges all previous paragraphs as though fully set forth here.

59.    Defendants, through the conduct and violations described above, are likely to dilute the distinctive quality of the Houzz name and marks. Defendants are also likely to injure the business reputation of Houzz with respect to those names and marks. As a consequence of Defendants' violations, Houzz is entitled to relief as set forth below.

**EIGHTH CAUSE OF ACTION**

**Trademark Infringement And Unfair Competition Under California Common Law**

60.    Houzz incorporates by reference and realleges all previous paragraphs as though fully set forth here.

61.    Defendants, through the conduct and violations described above, have engaged in trademark infringement and unfair competition against Houzz under the common law. As a consequence of Defendants' violations, Houzz is entitled to relief as set forth below.

**NINTH CAUSE OF ACTION**

**Breach of Contract**

62.    Houzz incorporates by reference and realleges all previous paragraphs as though fully set forth here.

63.    Houzz offers its website and services subject to the Houzz TOU that appears on the Houzz Website, and which prohibits, without limitation, use of the Houzz Website for any for-profit or commercial activities or purpose, and any copying, reproduction, display, republication, download, or commercial exploitation of materials on the Houzz website.

1    64.    Defendants, through the conduct and violations described above, have breached the

2    Terms of Use governing Defendants' use of the Houzz website. Houzz has been harmed as a

3    consequence of Defendants' violations, and is entitled to relief as set forth below.

4                              **TENTH CAUSE OF ACTION**

5                     **Copyright Infringement (17 U.S.C. §§ 101 et seq.)**

6    65.    Houzz incorporates by reference and realleges all previous paragraphs as though fully

7    set forth here.

8    66.    Defendants have knowingly and willfully infringed Houzz's copyrights in the

9    compilation of content on the Houzz Website, by copying and displaying the Compilation Content in

10   violation of the United States Copyright Act, 17 U.S.C. §§ 106(3) & (5).

11   67.    Defendants' acts of infringement are willful and without regard for Houzz's valid and

12   enforceable rights in the Compilation Content. Defendants' past and ongoing copying and public

13   display of the Compilation Content has harmed and continues to harm Houzz, and Houzz is entitled

14   to relief as set forth below.

15                            **ELEVENTH CAUSE OF ACTION**

16            **Intentional Interference with Prospective Economic Advantage**

17   68.    Houzz incorporates by reference and realleges all previous paragraphs as though fully

18   set forth here.

19   69.    Houzz has economic and business relationships with its users and subscribers, with

20   whom Houzz has a probability of continued and future economic advantage and benefit.

21   70.    During all relevant times, Defendants knew or should have known that Houzz had

22   these existing relationships with its users, including based on publicly available information.

23   71.    Defendants intentionally interfered with Houzz's existing and prospective economic

24   and business relationships by, among other things, contacting Houzz's users and subscribers,

25   misleading them into believing that Defendants and/or the SocialProof service was affiliated with,

26   authorized by, or offered by Houzz, and offering, under false pretenses, services to Houzz's users

27   and subscribers that directly competed with Houzz's services.

28

72.     Defendants knew or should have known that such statements to Houzz's users and subscribers were misrepresentations, false, and misleading.

73.     Defendants knew that their statements would disrupt and interfere with Houzz's current and future business relationships and its prospects for future economic advantage and benefit, and Defendants intended and designed their conduct to do so.

74.     Defendants' conduct disrupted and interfered with Houzz's current and future business relationships and its prospects for future economic advantage and benefit, including but not limited to the reputational harm Houzz suffered, and continues to suffer, from having to respond to user and subscriber inquiries about the communications from Defendants.


**PRAYER FOR RELIEF**

WHEREFORE, Houzz prays that the Court enter judgment against Defendants as follows:

1.      Preliminarily and permanently enjoining Defendants, and all persons in active concert or participation with them,

- from use of names or marks confusingly similar to the Houzz Marks;
- from false, misleading, or confusing advertising relating to Defendants' and Houzz's respective services;
- from acts that dilute the Houzz Marks and tarnish the reputation of Houzz;
- from representing by any means whatsoever, directly or indirectly, that Defendants and their products or services are associated in any way with Houzz or its products or services, and from otherwise taking any other action likely to cause confusion, mistake, or deception on the part of consumers;
- from doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers to believe that Defendants' products or services come from or are the products of Houzz, or are somehow sponsored by or associated with Houzz;
- from otherwise unfairly competing with Houzz or misappropriating Houzz's reputation and goodwill;

1          •   from copying Houzz's copyrighted material; and

2          •   from violating the Terms of Use of the Houzz Website and the Houzz Platform.

3      2.     Awarding Houzz its actual damages sustained as a result of SocialProof's intentional

4  interference with Houzz's current and prospective business relationships and Houzz's prospective

5  economic advantage from its relationships with its users and subscribers;

6      3.     Awarding Houzz its actual damages and Defendants' unjust and unlawful profits

7  arising from Defendants' misconduct;

8      4.     Ordering restitution to Houzz of Defendants' unjust enrichment and unlawful gains to

9  the detriment of Houzz;

10      5.     Awarding Houzz additional damages and profits of three times the actual damages

11  and profits;

12      6.     Awarding actual damages and any additional profits of the infringer, or statutory

13  damages pursuant to 17 U.S.C. §504.

14      7.     Awarding Houzz exemplary damages in an amount to be determined by the jury;

15      8.     Awarding Houzz costs of suit, attorneys' fees, and reasonable expenses in this

16  exceptional case;

17      9.     Awarding pre- and post-judgment interest at the maximum rate allowable by law; and

18      10.    Granting such other relief as the Court may deem just and equitable.

19                        **DEMAND FOR JURY TRIAL**

20     Houzz  demands trial by jury on all issues triable by a jury.

21

22

23  Dated: January 22, 2015             WINSTON & STRAWN LLP

24

25                     By:    /s/ Jennifer A. Golinveaux
                                Jennifer A. Golinveaux

26                               Thomas J. Kearney

27                               Attorneys for Plaintiff
                                HOUZZ INC.

28